IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Criminal Action No. 1:22-cr-122 (RDA) |
| ) | |
| JULIO SOTOMAYOR, ) | |
| ) | |
| Defendant. ) | |

## **PROTECTIVE ORDER**

To expedite the flow of discovery material between the parties, facilitate the prompt resolution of disputes over confidentiality, and adequately protect law enforcement materials, procurement sensitive and proprietary information, and privacy information entitled to be kept confidential, it is, pursuant to the Court's authority under Federal Rule of Criminal Procedure 16(d), and with the consent of the parties, hereby ORDERED:

1. The defendant's counsel of record may distribute or show copies of documents provided by the government in discovery (hereinafter, "discovery materials"), to employees of counsel of record engaged on this matter, and retained experts, investigators, consultants, or photocopying or data processing vendors assisting in the preparation, trial, and appeal of this matter. The defendant's counsel of record may also show, but not distribute, discovery materials to the defendant. The defendant may not further show or attempt to distribute discovery materials shown to him to potential witnesses or any other individual or entity.

2. The discovery materials may be utilized by the defendant solely in connection with the preparation, trial, sentencing (if any), direct appeal (if any), and collateral attack (if any) of this case and for no other purpose and in connection with no other proceeding. No additional

copies of the discovery material shall be made except as necessary for those purposes. Any copies shall be treated in the same manner as the original material.

3. The defendant's counsel of record may show, but not distribute, discovery materials to potential witnesses, but only after redacting personal identification information (*i.e.*, social security numbers, dates of birth, driver's license numbers, home addresses, names of minor children, financial account numbers, other financial account information, or health-care treatment information). The potential witnesses may not further show or attempt to distribute to others discovery materials shown to them by the defendant's counsel of record.

4. The defendant shall not file discovery materials containing personal identification information with, or submit such information to, the Court or reproduce such information's contents in any court filing unless the filing is placed under seal, with the Court's consent, or otherwise complies with Federal Rule of Criminal Procedure 49.1.

5. Should the defendant, his counsel of record, or any of the other individuals or entities listed above find any material inadvertently produced by the United States that is marked as classified, they shall immediately double seal the material and all copies of the material, inform the United States of such inadvertent disclosure, and make arrangements for the secure return of such material to the United States. At the request of the government, the defendant shall also return all copies of material that was inadvertently produced in discovery. The disclosure or provision of discovery material by the government to the defendant shall not operate as a waiver of any privilege or protection that could or may be asserted by the holder of any such privilege or protection.

6. Within 60 days from the conclusion of these proceedings, and any direct appeal from or collateral attack on these proceedings, the discovery materials provided by the

2

government and any duplicates made from the materials shall be destroyed by the defendant and his counsel of record unless the Court gives specific permission for an exception to this requirement.

7. This Order applies to any individuals or entities referenced above and to whom the defendant's counsel of record distributes or shows copies of any of the discovery materials provided by the government.

8. The defendant and his counsel of record shall be responsible for controlling all discovery material produced by the United States in this case. The defendant and his counsel of record shall be responsible for assuring full compliance with this Order by the defendant and any individual or entity preparing and assisting in their defense.

9. This Order does not constitute a ruling on the question of whether particular discovery material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

It is SO ORDERED.

Alexandria, Virginia
July 27, 2022

/s/
Rossie D. Alston, Jr.
United States District Judge

3