# Exhibit B



U.S. Department of Justice

*United States Attorney*
*Eastern District of Virginia*

August 9, 2022

**VIA USAO PICK-UP**

John J. Pease III, Esq.
Jonathan P. York, Esq.
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921

      Re:    *United States v. Julio R. Sotomayor*, Case No. 1:22-cr-122 (RDA)

Dear Messrs. Pease and York:

      Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, the Court's Protective Order, and applicable caselaw, we are enclosing the government's initial discovery production (Productions 1 and 2), in electronic form, along with production logs that set forth the documents produced. For document control purposes, the government has Bates-stamped the documents being produced herein as 1A-00000001-30826, 1D-00000001-14, BBG-00000001-256351, DOC-00000001-296432, DOJ-00000001-18427, DOS-00000001-40280, FBI-00000002-58347, WTI_0000001-5548. The password to open the hard drive will be provided to you separately via email. Please contact us if you have any difficulty opening or accessing the hard drive or the files contained therein.

      Please be advised that, at present, the United States does not intend to introduce any "expert witness" testimony at trial. Thus, there are currently no materials discoverable pursuant to Fed. R. Crim. P. 16(a)(1)(E) or (F).

      Having provided these materials to you pursuant to Rule 16(a), the United States hereby requests reciprocal discovery and all requisite notices pursuant to Rules 16(b), 12.1, 12.2, and 12.3. Specifically, the government requests that your client provide reciprocal discovery of documents, tangible objects, the results of examinations or tests, and a written summary of the testimony of any expert witness that your client intends to use, as required by Rule 16(b)(1)(A)-(C). The government further requests written notice of the following:

1.    Pursuant to Rule 12.1, written notice of your client's intention to offer an alibi defense. For purposes of this request, the government incorporates herein the dates, times, and places specified in the Indictment returned in this matter on April 2, 2019.

2. Pursuant to Rule 12.2, notice of your client's intention to introduce expert testimony relating to any mental condition bearing on the issue of guilt.

3. Pursuant to Rule 12.3, notice of your client's intention to introduce a public authority defense. For purposes of this request, your client is requested to provide the law enforcement or federal intelligence agency allegedly involved, the agency member on whose behalf your client claims to have acted, and the time during which your client claims to have acted with public authority.

Finally, we would also like to take this opportunity to request that your client stipulate to the authenticity and admissibility of certain financial, business, and public records for which we have received certifications (pursuant to 28 U.S.C. § 1746 and Federal Rules of Evidence 902) Our request for a stipulation is only intended to eliminate the need to call a records custodian at trial to lay a foundation for the admission of these records into evidence. We are not asking your client to waive any relevancy objections or other evidentiary objections he may have to the admissibility of these records.

Thank you for your consideration of this request. We would appreciate it if you would let us know as soon as possible if your client will agree to this stipulation.

Very truly yours,

Jessica D. Aber
United States Attorney

Corey R. Amundson
Chief, Public Integrity Section

*/s/ Edward P. Sullivan*

Edward P. Sullivan
Special Assistant United States Attorney (LT)
Senior Litigation Counsel, Public Integrity Section
Heidi B. Gesch
Assistant United States Attorney