# Exhibit I

# Morgan Lewis

**John J. Pease III**
Partner
+1.215.963.5575
john.pease@morganlewis.com

October 13, 2022

**VIA EMAIL**

Edward P. Sullivan, Esq., Special Assistant U.S. Attorney
Heidi B. Gesch, Esq., Assistant U.S. Attorney
United States Attorney's Office for the Eastern District of Virginia
Justin W. Williams United States Attorney's Building
2100 Jamieson Avenue
Alexandria, VA  22314

Re:     *United States v. Julio R. Sotomayor*, **1:22-cr-00122-RDA-1**

Dear Ed and Heidi:

The three government discovery productions we have received thus far total over 220,000 documents representing over 760,000 pages of material.  We are expecting to receive the government's fourth production shortly.  The materials are voluminous and include documents collected or created by your office, the State Department OIG, and the FBI over the course of an investigation that began in 2015 and which we understand is still ongoing.

To document these materials, you have provided Microsoft Excel spreadsheets that include the metadata for each document.  The spreadsheets are, similarly, voluminous and cumbersome.  They include five excel workbooks with 223,688 rows and between 53–57 columns containing specific data for every document, accounting for approximately 11.85 million separate data points.  Nowhere in this massive tranche of data have any *Brady* materials been identified, or, moreover, categories, naming conventions, or specific data that would direct us to *Brady* materials.

From the start of our communications about discovery, we have requested, repeatedly, that you provide and identify materials that are most significant to our client, namely grand jury transcripts and substantive interview memoranda.  To date, we have only received grand jury transcripts for the four individuals referenced in our August 22 letter, all of whom provided testimony that is not directly relevant to our client. We have also raised other concerns, deficiencies, and technical problems throughout our review of these materials.  While we have received interview memos and some recordings for individuals who are directly relevant to the charges in the indictment, we have also noted that many tens of thousands of documents provided are spam materials or other documents that are completely irrelevant.  Even a folder labeled as "hot docs" contains numerous documents that are duplicative and irrelevant.  Further, when asked to identify specific materials, such as responsive materials seized pursuant to search warrants for the personal email accounts for Ms. Sturgis and Ms. Winfield, your responses have been vague.  Put simply, your office has provided us with a massive data dump containing countless duplicative and irrelevant documents such

October 13, 2022
Page 2

that meaningful and timely review of the discovery materials is extraordinarily difficult and time-consuming. These issues have hindered our ability to provide effective assistance of counsel to our client.

Our client is an individual defendant who has not had the benefit of receiving or reviewing any discovery in the seven years that this investigation has been proceeding. Further, he has limited resources with which to attempt to sift through the massive amount of data you have provided so far. Under these circumstances, and given the volume of data already produced in this matter and in anticipated future productions, we request that you identify materials with exculpatory information and all other known *Brady* materials in your previously disclosed productions and any productions going forward.

We note that the court granted a similar request raised by an individual defendant in one of your recent cases. *United States v. Saffarinia*, 424 F. Supp. 3d 46, 82–92 (D.D.C. 2020). We also note that there is substantial overlap in facts and circumstances between the *Saffarinia* case and this matter. Rather than litigate the matter before the Court in our case, which we are prepared to do, we instead ask that you promptly agree to this request.

Thank you for your anticipated cooperation. We look forward to your response to this letter and the other correspondence we have sent to you in the last week related to discovery issues.

Sincerely,

*[signature]*

John J. Pease III


cc:  Jonathan York, Esq.