# Exhibit K



**U.S. Department of Justice**

Criminal Division

*Public Integrity Section*                                              *Washington, D.C. 20530*

October 20, 2022

**BY ELECTRONIC MAIL**

John J. Pease III, Esq.
Jonathan York, Esq.
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921

    Re:    *United States v. Julio R. Sotomayor*, 1:22-cr-00122 (RDA)

Dear Messrs. Pease and York:

    We have received your letters dated October 10, 2022, and October 13, 2022. Your first letter addresses discovery-related requests concerning the government's third production of discovery materials. You initially request all transcripts for various individuals whose interviews were audio recorded. To the extent there are rough transcripts of audio recorded interviews, we have disclosed them to you. Please note the government does not have rough transcripts for a few of the individuals mentioned in your letter, including Messrs. Arevalo and Ballentine.

    You have also requested grand jury transcripts for witness testimony. Although not required at this juncture—despite your suggestion otherwise—we have provided you with an exceptionally early production of grand jury testimony and witness interviews. The third production, moreover, includes testimony from the case agent. A copy of Mr. Sturgis's transcript, which will be included in our next production, is attached for your convenience.

    Having produced this material to you, we renew our request that you provide us with all Rule 16 reciprocal discovery. We ask that you do so by the end of the month.

    As for your second letter, dated October 13, 2022, you ask that the government "promptly agree to [a] request" to provide you with a disclosure letter summarizing all *Brady* contained in the government's discovery production. We respectfully decline your request. Aside from the fact that such a letter is not required under the rules or the governing caselaw in this jurisdiction, your request is based on a mischaracterization of this investigation (and its surrounding circumstances) as well as an incomplete understanding of another, unrelated matter that was litigated in the District of Columbia.

As a preliminary matter, your letter suggests that the government's discovery is both voluminous and disorganized. Neither is the case. As you are aware, the government's initial investigation in 2018 (not 2015 as incorrectly stated in your letter) focused on the BBG contracting officer's involvement with a different vendor, Star-Hawk Solutions. During the investigation involving Star-Hawk, the government learned that the same contracting officer, Diane Sturgis, was involved in misconduct involving another vendor, WTI, which is affiliated with your client. Most of the discovery in this case relates primarily to the Star-Hawk matter, not the investigation involving your client. We have produced the Star-Hawk material to you because it relates to a similar bribery scheme involving Ms. Sturgis. The discovery relating to your client, however, is fairly discrete, particularly when accounting for duplicates.

All four of the government's discovery productions have been organized and produced in a prompt fashion, with detailed indices. Your letter suggests that the indices themselves (Excel spreadsheets) are voluminous and unwieldy. This assertion is incorrect and, in any event, it is it is readily apparent from your numerous letters that you have loaded the government's discovery into a searchable, electronic discovery database, and you are having no difficulty in reviewing and locating the case file material, including transcripts, interview reports, and other key investigative material. As you firm is aware, the spreadsheets, which are similar to ones that your firm and other large firms produce in response to grand jury subpoenas, are generated based on load-ready, digital data. The spreadsheets are easy navigate, they are searchable, and importantly, they contain file path names and other metadata information useful in determining the location of core case file material.

The government's discovery productions also do not constitute an unhelpful "data dump." You note that the government's discovery production include spam e-mails, but you fail to mention—as we have already told you—that the discovery includes a large, multi-year production of Ms. Sturgis's government e-mail account. That account, through no fault of our own, includes a large amount of junk or spam e-mail. Importantly, her e-mail account also includes highly relevant Rule 16 material, which you do not appear to be complaining about.

Finally, your reliance on a district court's opinion from another jurisdiction is misplaced. Contrary to your suggestion, there is not "substantial overlap in [the] facts and circumstances between the *Saffarinia* case and this matter." We firmly believe that these distinctions, some of which are not addressed at all or in full in the district court's opinion, will cause the Court in this case to agree with our view that the situations are distinguishable.

Very truly yours,

Jessica D. Aber
United States Attorney

Corey R. Amundson
Chief, Public Integrity Section

*Edward Sullivan* (signature)
_____
Edward Sullivan
Senior Litigation Counsel, Public Integrity Section
Heidi B. Gesch
Assistant United States Attorney