IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>JULIO R. SOTOMAYOR<br>(a/k/a "JACE SOTOMAYOR"; "J.R. SOTOMAYOR"; "WIZARD"),<br><br>        Defendant. | Criminal No. 1:22-CR-00122 (RDA) |

**DEFENDANT JULIO R. SOTOMAYOR'S
REPLY IN SUPPORT OF MOTION TO COMPEL**

Defendant Julio R. Sotomayor ("Col. Sotomayor") respectfully submits this reply in support of his motion to compel pursuant to Rule 16 of the Federal Rules of Criminal Procedure and *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, including *Giglio v. United States*, 405 U.S. 150 (1972).

I. **Grand Jury Transcripts**

As of the filing of the motion to compel, the government had yet to inform defense counsel it had produced all grand jury transcripts in this matter. In its October 20, 2022, letter, after many prior requests to produce the transcripts, the government responded that it had "provided [the defense] with an exceptionally early production of grand jury testimony," implying there were more transcripts of testimony to be produced. *See* Dkt. No. 20, Exhibit K. It was only after defendant filed the motion to compel that the government confirmed the motion "[sought] material that had already been produced…and [was] therefore moot." Dkt. No. 21, Exhibit 1 at 1.

The motion to compel made clear that any *Brady* issues with respect to the grand jury

testimony of witnesses would be resolved if the government agreed to disclose all other Jencks Act material.  Dkt. No. 20 at 16–17.  Now that the government has confirmed it has produced all grand jury transcripts and all Jencks materials, the defendant agrees that the issue has been resolved.

**II.     Identification of Materials with Exculpatory Information and all known *Brady* Materials**

The government spends the bulk of its opposition explaining the general rule (which defendant does not contest) that it does not have an affirmative duty to identify "exculpatory evidence within a larger mass of disclosed evidence." *United States v. Skilling*, 554 F.3d 529, 576 (5th Cir. 2009), *aff'd in part, vacated in part, remanded*, 561 U.S. 358 (2010); Dkt. No. 21 at 10–20.  As stated in the motion to compel, however, that general rule does not preclude courts, in their discretion as a matter of case management and under appropriate facts and circumstances, from ordering the government to identify *Brady* material.  *United States v. Salyer*, No. CR. S-10-0061-LKK, 2010 WL 3036444, at *2 (E.D. Cal. Aug. 2, 2010); *United States v. Saffarinia*, 424 F. Supp. 3d at 90–91 (D.D.C. 2020); Dkt. No. 20 at 13.  That is Col. Sotomayor's request to the Court.

The Fourth Circuit's unpublished, per curiam, opinion in *United States v. Yi,* 791 F. App'x 437 (4th Cir. 2020), 438–39 *cert. denied,* 140 S. Ct. 2542 (2020) merely restates that "fulfillment of the Government's obligation under Brady [does not require] it to identify exculpatory material."  The government's reliance on the case is misplaced.  In *Yi*, the defendant filed a motion for a new trial and argued that the government had violated *Brady* "by producing voluminous documents to the defense but not identifying one as '*Brady* material.'"  *Id*.  The defendant's motion for a new trial failed to "identify any favorable and material information that the Government did not disclose" and did not "dispute that the Government produced in time for effective use at trial the material within which she speculates exculpatory material likely will be found." *Id*.  In short, the

Fourth Circuit rejected a Hail Mary motion for a new trial by a defendant that raised unsupported, eleventh hour, *Brady* issues.  That is not the situation here.

What is important to consider, however, are the facts and circumstances that courts have typically examined when evaluating whether to exercise their discretion and order identification of *Brady* materials.  First, the government does not dispute that its discovery is voluminous.  Nothing in the government's opposition changes the fact that Col. Sotomayor has now received five productions consisting over 335,000 records and over one million pages of materials, portions of which have been unprocessed.[1]  The government also concedes that "over half" of these materials "relate[] to a different case involving [Diane] Sturgis, and it includes duplicate copies of some of the larger subpoena returns."  Dkt. No. 21 at 6–7.

The government cannot negate the massive nature of the discovery by repeatedly describing its production logs as "easy-to-navigate" or "searchable." *Id*. at 2, 5, 6, 10, 12, 21.  Its opposition fails to address the sheer amount of data contained in the spreadsheets (12.35 million separate data points) and only hints at an organizational strategy (to which defense counsel remains unaware) that "compiled and centralized" key documents in the production logs.  *Id.* at 12.  Indeed, it is untenable for even "talented" defense counsel to scour through production logs that contain an extraordinary amount of data when the government has been unwilling to provide any insight into its organization of the discovery materials.  *Id*. at 18.

Second, the government concedes it has had a four-year head start on the investigation compared to Col. Sotomayor.  Dkt. No. 21 at 7.  It is undisputed that the government's investigation began in 2018 and the government has produced materials it has been able to review on a rolling basis since that time.  Dkt. No. 21 at 6–7.  The government even admits that it has identified *Giglio*

---

[1]  Defense counsel notes that the government produced its fifth production on November 14, 2022, two weeks <u>after</u> counsel had filed the motion to compel.

and related impeachment materials in the discovery related to the other case involving Diane Sturgis. *Id*.

As explained in in *Salyer* and *Blankenship*, courts evaluate the length of the government's investigation because it is indicative of how familiar the government is with the discovery materials in comparison to the defendant. *Salyer*, 2010 WL 3036444, at *5; *United States v. Blankenship*, No. 5:14-CR-00244, 2015 WL 3687864, *7 (S.D. W. Va. June 12, 2015). In *United States v. Meek*, No. 1:19-CR-00378, 2021 WL 1049773, at *5 (S.D. Ind. Mar. 19, 2021), for example, the court ultimately denied the defendants' request to order the government to identify *Brady* material in previously produced discovery materials because, in part, the "[d]efendants [] had access to [the discovery] for *more than a year*." (emphasis added). Unlike the defendants in *Meek*, Col. Sotomayor has only a few short months to review the over 335,000 records and over one million pages of materials, which the government has been able to review, analyze and organize for four years.

Further, the government's opposition makes clear it is aware of the materials that Col. Sotomayor requests be identified. The government notes that it "segregated and produced as compilation exhibits attached to the grand jury transcripts" interview reports, grand jury transcripts, rough transcripts of recorded interviews, and most of the key documents referenced in the indictment. Dkt. No. 21 at 2. The government refers to "discovery relating specifically to the allegations in the indictment" as "relatively discreet and easily manageable." *Id*. at 7. It goes further and states that Col. Sotomayor has "already received the *core* documents relating to the charges in the indictment." *Id*. at 8 (emphasis added). Here, as in *Blankenship*, the government's opposition shows that it "is in a far better position than the [d]efendant to know what evidence might be exculpatory and/or impeachment material under *Brady*," especially with trial scheduled

to start in approximately two months. *Blankenship*, 2015 WL 3687864 at *7.

Finally, the government's opposition recognizes that Col. Sotomayor is an individual defendant with limited resources and a small defense team of just two attorneys. Dkt. No. 21 at 8. Like the defendants in *Salyer* and *Saffarinia,* the government also appears to concede that Col. Sotomayor does not have access to any corporate assistance in his defense and he has not been involved in any prior, related, criminal matters or parallel civil litigation. *Salyer*, 2010 WL 3036444, at *7; *Saffarinia*, 424 F. Supp. 3d at 88. Regardless of the government's description of defense counsel, Col. Sotomayor's resources remain in stark contrast to the government (e.g., at least two federal prosecutors, at least three federal case agents, the vast resources of the FBI and OIG) and the deployment of its investigative assets for the past four years.

Col. Sotomayor's circumstances fall squarely within the factors relied upon by courts when faced with similar requests and support his request that the Court exercise its discretion to require the government to identify all materials with exculpatory information and all other *Brady* materials it has produced, and will produce, in this matter.

### III. Conclusion

For these reasons and those stated in the Memorandum of Law in Support of Col. Sotomayor's Motion to Compel Production Pursuant to Rule 16 and *Brady v. Maryland*, Col. Sotomayor respectfully requests that the Court order the government to identify all materials with exculpatory information and all other *Brady* materials it has produced, and will produce, in this matter.

|  |  |
|---|---|
| | Respectfully submitted, |
| Dated:  November 21, 2022 | */s/ John J. Pease III* <br> John J. Pease III <br> Morgan, Lewis & Bockius LLP <br> 1701 Market Street <br> Philadelphia, PA 19103 <br> Telephone: (215) 963-5000 <br> Facsimile: (215) 963-5001 <br> john.pease@morganlewis.com <br><br> Jonathan P. York <br> 1111 Pennsylvania Avenue NW <br> Washington, DC 20004 <br> Telephone: (202) 739-3000 <br> Facsimile: (202) 739-3001 <br> jonathan.york@morganlewis.com <br><br> Attorneys for Defendant |

## **CERTIFICATE OF SERVICE**

      I, Jonathan P. York, Esquire, hereby certify that, on November 21, 2022, I have forwarded by the Court's electronic case filing system, a true and correct copy of the foregoing Reply in Support of Julio R. Sotomayor's Motion to Compel to the following persons:

>Edward P. Sullivan
>Special AUSA & Senior Litigation Counsel
>Heidi B. Gesch, AUSA
>United States Attorney's Office
>Justin W. Williams United States Attorney's Building
>2100 Jamieson Avenue
>Alexandria, VA 22314

>/s/ *Jonathan P. York*
>Jonathan P. York